By the Court.
Sedg-wick, Ch. J.
In this case, defendant’s testator had guaranteed, in writing, the payment of a mortgage, which would fall due at the end of two years. This action was upon that guaranty. The defense was that the plaintiff had extended time for payment. This was sustained by the testimony. The plaintiff met this defense by showing that a few days before the extension, the brother of the plaintiff had a conversation with the testator, in which in answer to a question, the latter said he would guarantee for “ two years longer for these bonds.” This it is argued, was tantamount to a consent that the plaintiff might extend time of payment, and that this would leave the testator liable upon the guaranty on which the action was brought.
I am unable to agree with this view, There were definite words used which in themselves constituted a contract in form, but invalid, because it was verbal. The testator is not to be bound by an engagement, except it be positively proved that it was intended on his part. There was a presumption of law that he knew that the verbal arrangement he made, if he did make it, was not valid. There can be ho legal inference that he intended that a void promise by him, should be turned into an assent to *446 an extension of the time to the principal debtor, and which substantially would make the void promise a valid contract. In substance the oral promise was a renewal of the guaranty.
For this reason, I am of opinion that the defendant should have judgment dismissing the complaint, with costs.
Truax and O’Gorman, JJ., concurred.